**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**OBERMAYER REBMANN MAXWELL & HIPPEL LLP**
**FEE APPLICATION COVER SHEET**

IN RE: Medford Crossings North, et al     APPLICANT: Obermayer Rebmann Maxwell & Hippel LLP

CASE NO: 07-25115 (GMB)     CLIENT: Medford Crossings North, et al

CHAPTER: 11     CASE FILED: October 17, 2007

COMPLETION AND SIGNING OF THIS FORM CONSTITUTES A CERTIFICATION UNDER PENALTY OF PERJURY, PURSUANT TO 28 U.S.C. SECTION 1746.

RETENTION ORDER(S) ATTACHED

**SECTION 1**
**FEE SUMMARY**

**FINAL FEE APPLICATION NO. 3**

|  | **FEES** | **EXPENSES** |
|---|---|---|
| TOTAL PREVIOUS FEE REQUESTED: | $1,039,574.00 | $35,608.34 |
| TOTAL FEES ALLOWED TO DATE: | $1,039,574.00 | $35,349.52 |
| TOTAL RETAINER (IF APPLICABLE): | $122,238.50 | $0.00 |
| TOTAL HOLDBACK (IF APPLICABLE): | $207,914.80 | $0.00 |
| TOTAL RECEIVED BY APPLICANT: | $745,496.19 | $35,349.52 |

| NAME OF PROFESSIONAL & TITLE | YEAR ADMITTED | HOURS | RATE | FEE |
|---|---|---|---|---|
| Edmond M. George, Esquire | 1986 | 582.60 | $450.00 | $262,170.00 |
| D. Alexander Barnes, Esquire | 1988 | 736.50 | $400.00 | $294,600.00 |
| Michael D. Vagnoni, Esquire | 1996 | 91.90 | $325.00 | $29,867.50 |
| Angela L. Baglanzis, Esquire | 2003 | 449.90 | $275.00 | $123,722.50 |
| Michael V. Phillips, Esquire | 2005 | 2.70 | $240.00 | $648.00 |
| Michele Coyle, Paralegal |  | 186.40 | $90.00 | $16,776.00 |
| **TOTAL** |  | **2050.00** |  | **$727,784.00** |

| FEE TOTALS | $727,784.00 |
|---|---|
| DISBURSEMENT TOTALS | $16,916.19 |
| TOTAL FEE APPLICATION | $744,700.19 |

4411681

## SECTION II
## SUMMARY OF SERVICES

| SERVICES RENDERED | | HOURS | FEE |
|---|---|---|---|
| a) | Asset Analysis and Recovery | | |
| b) | Asset Disposition | 27.10 | $11,747.50 |
| c) | Business Operations | 148.30 | $57,490.50 |
| d) | Case Administration | 130.60 | $44,963.50 |
| e) | Claims Administration and Objections | 85.80 | $30,664.00 |
| f) | Employee Benefits/Pensions | | |
| g) | Fee/Employment Applications | 19.00 | $5,547.50 |
| h) | Fee/Employment Objections | | |
| i) | Financing | | |
| j) | Litigation (Other than Avoidance Action Litigation) | 416.90 | $142,837.00 |
| k) | Avoidance Action Litigation | | |
| l) | Meeting of Creditors | | |
| m) | Plan and Disclosure Statement | 1191.10 | $423,163.50 |
| n) | Relief from Stay Proceedings | 31.20 | $11,370.50 |
| o) | Regulatory Compliance | | |
| p) | Travel | | |
| q) | Accounting/Auditing | | |
| r) | Business Analysis | | |
| s) | Corporate Finance and Valuation | | |
| t) | Data Analysis | | |
| u) | Litigation Consulting | | |
| v) | Reconstruction Accounting | | |
| w) | Tax Issues | | |
| x) | Other (specify category) | | |
| **SERVICES TOTAL:** | | **2050.00** | **$727,784.00** |

4411681

2

## SECTION III
## SUMMARY OF DISBURSEMENTS

| DISBURSEMENTS | | AMOUNT |
|---|---|---|
| a) | Computer Assisted Legal Research | $4,911.16 |
| b) | Facsimile | $12.50 |
| c) | Long Distance Telephone | $707.25 |
| d) | In-House Reproduction | $7,517.80 |
| e) | Outside Reproduction | $133.29 |
| f) | Outside Reasearch | $0.00 |
| g) | Filing/Court Fees | $222.31 |
| h) | Court Reporting | $363.00 |
| i) | Travel | $338.14 |
| j) | Courier & Express Carriers | $1,122.58 |
| k) | Postage | $449.05 |
| l) | Other (Explain)<br>Pacer<br>New Jersey Corp<br>Witness Fees<br>Miscellaneous Search | <br>$811.84<br>$2.00<br>$93.35<br>$231.92 |
| **DISBURSEMENTS TOTAL:** | | **$16,916.19** |

## SECTION IV
## SUMMARY OF SERVICES

(1) DATE CASE FILED:    October 17, 2007

(2) CHAPTER UNDER WHICH CASE WAS COMMENCED:    Chapter 11

(3) DATE OF RETENTION:    Order entered on October 25, 2007, a copy of which is annexed hereto as Exhibit "A"

(4) SUMMARIZE IN BRIEF THE BENEFITS TO THE ESTATE AND ATTACH SUPPLEMENTS AS NEEDED:  See Part A Narrative of Services Rendered in Application

(5) ANTICIPATED DISTRIBUTION TO CREDITORS:   Unknown at this time.

(6) FINAL DISPOSITION OF CASE AND PERCENTAGE OF DIVIDEND PAID TO CREDITOR (IF APPLICABLE):    Unknown at this time.

I certify under penalty of perjury that the foregoing is true and correct.

*/s/ Edmond M. George*    9/30/2009
Signature of Applicant    Date

4411681    3

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** | |
| **Caption in Compliance with D.N.J. LBR 9004-2(c)**<br><br>**Edmond M. George, Esquire (EG-7810)**<br>**D. Alexander Barnes, Esquire (DB-0760)**<br>**OBERMAYER REBMANN MAXWELL & HIPPEL LLP**<br>**20 Brace Road, Suite 300**<br>**Cherry Hill, NJ 08034**<br>**(856) 428-8400**<br>*Former Attorneys for Debtors* | |
| In Re:<br><br>MEDFORD CROSSINGS NORTH LLC, *et al.*,<br><br>Debtors. | Chapter 11<br>Case Nos. 07-25115; 07-25121; 07-25124; 07-25125; 07-25126; 07-25127; 07-25129; 07-25131; 07-25133; 07-25135; 07-25587; 07-25591 (GMB) *(Jointly Administered)*<br><br>Honorable Gloria M. Burns<br><br>**Hearing Date:  October 27, 2009 at 2:00 p.m.** |

**THIRD AND FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF OBERMAYER REBMANN MAXWELL & HIPPEL LLP, FORMER COUNSEL TO DEBTORS, FOR THE PERIOD SEPTEMBER 1, 2008 THROUGH <u>SEPTEMBER 10, 2009</u>**

Obermayer Rebmann Maxwell & Hippel LLP ("Obermayer" or "Applicant"), in accordance with Fed. R. Bankr. P. 2016 hereby applies under § 330 of the Code for an award of final compensation and reimbursement of actual, necessary expenses as former counsel to the Debtors and represents:

**BACKGROUND**

1.    On October 17, 2007, the following related entities filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code that are pending before the United States Bankruptcy Court for the District of New Jersey and that have been assigned to the Honorable

4411681

Gloria M. Burns: Medford Crossings North LLC, Case No. 07-25115; Medford Crossings South LLC, Case No. 07-25121; Purple Tree One LLC, Case No. 07-25124; Purple Tree Two LLC, Case No. 07-25125; Purple Tree Three LLC, Case No. 07-25126; Purple Tree Four LLC, Case No. 07-25127; Purple Tree Five LLC, Case No. 07-25129; Purple Tree Ten LLC, Case No. 07-125131; Purple Tree Investments LLC, Case No. 07-25133; and FC Medford Residential LLC, Case No. 07-25135 (collectively, "Medford Crossings").

2. On October 25, 2007, Medford Crossings North Urban Renewal LLC and Medford Crossings South Urban Renewal LLC (collectively, "Medford Urban" together with Medford Crossings the "Debtors") each filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code which were respectively docketed as case numbers 07-25587 and 07-25591.

3. By Order dated October 25, 2007, this Court authorized the Medford Crossings Debtors to employ Obermayer Rebmann Maxwell & Hippel LLP as their general counsel. Attached hereto as Exhibit "A" is a copy of the Court's Order authorizing the employment of the Applicant in this bankruptcy case.

4. By Order dated November 2, 2007, this Court authorized the Medford Urban Debtors to employ Obermayer Rebmann Maxwell & Hippel LLP as their general counsel. Attached hereto as Exhibit "B" is a copy of the Court's Order authorizing the employment of the Applicant in this bankruptcy case.

5. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

6. On October 23, 2007, the Court entered an Order approving the joint administration of the Medford Crossings Debtors' cases under the main case number 07-25115.

7. On December 4, 2007, the Court entered an Order approving the joint administration of the Medford Urban Debtors' cases with the Medford Crossings Debtors' under main case number 07-25115.

### Part A Narrative of Services Rendered

8. Applicant served as general counsel for the Debtors.

9. All services rendered and expenses incurred for which compensation or reimbursement is requested were performed or incurred for on behalf the Debtors.

10. The services described in this Application are actual, necessary services and the compensation requested for those services is reasonable.

11. The expenses described in this Application are actual, necessary expenses.

12. Applicant believes that the compensation sought by this Application is reasonable and fair in light of the time and effort devoted, the responsibilities undertaken, the results achieved, the quality and efficiency of the work performed, the standing of Applicant and the other relevant factors normally considered by the Court on requests of this nature.

13. This Application is submitted under the standards set forth in the decision of In re Busy Beaver Building Centers, Inc., 19 F.3d 833 (3d Cir. 1994) which this Court will use in assessing the propriety of this request for attorneys fees.

14. Applicant has not shared or agreed to share any compensation or reimbursement received hereunder with another person, nor has Applicant agreed to share any compensation or reimbursement received by another with reference to this case.

15. Applicant submits the Affidavit of Edmond M. George, Esquire in support of the Application, attached hereto as Exhibit "C".

16. Applicant has been involved in heavy litigation since the onset of these proceedings, defending numerous Motions for Relief, to Convert or Dismiss filed by Medford

Village East Associates, LLC ("MVE"), Laurel Pines, LLC ("Laurel"), and the Township of Medford (the "Township").  The Motions for Relief have been revisited and argued a number of times.

17.     Applicant negotiated the Consent Orders granting MVE, the Township and Pennoni Relief from the Automatic Stay and for related relief.

18.     Applicant has continued to investigate significant claims, including the claims against Stephen Samost ("Samost"), the Township, U.S. Home Corporation d/b/a Lennar Homes ("Lennar") and other parties of interest in the case.

19.     Applicant also spent significant added time reviewing the transcripts, orders, documents and filings in the State Court litigation.  In addition, Applicant familiarized itself with all aspects of the State Court Litigation and analyzed appellate issues for the Debtors.

20.     Applicant continued to advise the Debtors on their rights and duties to creditors.

21.     Applicant negotiated extensively for the completion of the Project with third party purchasers.

22.     Applicant drafted a confidentiality agreement with Carolina Holdco.

23.     Applicant negotiated with the Official Committee of Unsecured Creditors (the "Committee") for the terms of a Third Modified Plan of Reorganization, drafted and filed the Debtors' Third Modified Plan of Reorganization and Third Amended Disclosure Statement, which is pending with the Court.  Applicant met with the two (2) largest Committee members to discuss and come to an agreement on the terms of a Plan of Reorganization.

24.     Applicant defended several Relief from Stay Motions filed by MVE, the Township, Laurel, and Pennoni Associates, Inc. ("Pennoni"), and negotiated for resolution of the Township claims, which were asserted to exceed $50,000,000.00.

25.     Applicant prosecuted two (2) District Court Appeals of Bankruptcy Court Orders,

one (1) of which is pending, the other of which ended with the Debtors prevailing in the Appeal of contested jurisdictional issues.

26.     Applicant prepared for and prosecuted the Debtors' case on Confirmation, which hearing took eighteen (18) days in Court.  Over two hundred (200) exhibits were introduced and a number of witnesses were called and examined.

### Part B Billing Summary

27.     **Description of Services**

Attached hereto as Exhibit "D" is the summary of the time spent and total charges for each attorney or paralegal of Applicant working on behalf of the Debtors during the period covered by this Application.  The total value of professional services rendered by Applicant is $727,784.00.

28.     **Detail of Hours Expended**

Attached hereto as Exhibit "E" is a detailed, chronological itemization covering all of the services performed by Applicant on behalf of the Debtors in this bankruptcy matter from September 1, 2008 through September 10, 2009.  The itemizations indicate the identity of the persons who performed legal services (attorneys and paraprofessionals) on behalf of the Debtors, a description of duties that were performed, and the amount of time expended for such services by such persons on that date.

29.     **Expense Summary**

Attached hereto as Exhibit "F" is a description of the costs actually expended by the Applicant in the performance of services rendered on behalf of the Debtors for the period September 1, 2008 through September 10, 2009.  These costs for which reimbursement is requested is in the amount of $16,916.19.

30. **Holdback**

This Court entered Orders providing for a holdback of twenty (20%) percent of the allowed fess of Obermayer in the amount of $207,914.00 (the "Holdback"). By this Application, Obermayer seeks that the Holdback be released, and authorizing payment to Obermayer of the Holdback.

WHEREFORE, Applicant prays that this Court approve the Application and authorize an allowance of interim compensation in the amount of $727,784.00, for professional services rendered for the period September 1, 2008 through September 10, 2009; and $16,916.19 for reimbursement for actual and necessary costs incurred by the Applicant in the period September 1, 2008 through September 10, 2009, and further authorizing the payment of the Holdback in the total amount of $207,914.80.

Respectfully Submitted,

Dated: September 30, 2009           By: */s/ Edmond M. George*
                                    Edmond M. George, Esquire
                                    D. Alexander Barnes, Esquire

*Former Counsel to Medford Crossings North LLC; Medford Crossings South LLC; Purple Tree One LLC; Purple Tree Two LLC; Purple Tree Three LLC; Purple Tree Four LLC; Purple Tree Five LLC; Purple Tree Ten LLC; Purple Tree Investments LLC; FC Medford Residential LLC; Medford Crossings North Urban Renewal LLC; and Medford Crossings South Urban Renewal LLC*